**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DANIEL HUG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-5659 |
| | ) |
| DIRECTV, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, DANIEL HUG, (hereinafter referred to as "Plaintiff") brings this action for damages, and other legal and equitable remedies resulting from the illegal actions of DIRECTV, INC., ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. In an effort to enforce a fundamental right to privacy, Plaintiff alleges, by and through his counsel, Sharon Cousineau, the following against Defendant:

## INTRODUCTION

1. Plaintiff's First Amended Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, *et seq.* ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to

| PLAINTIFF'S FIRST AMENDED COMPLAINT | Sharon D. Cousineau |
|---|---|
| 1 | Samwel Cousineau, PC |
| | 700 West Evergreen Boulevard |
| | Vancouver, Washington 98660 |
| | Tel. 360-750-3789 / Fax 360-750-3788 |

private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

2. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

1. Plaintiff is a natural person residing in Spanaway, Pierce County, Washington.

2. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

3. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein, was a corporation with its principal place of business in El Segundo, California.

4. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

5. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Washington, and in the County of Pierce, and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

1. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

2. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the

PLAINTIFF'S FIRST AMENDED COMPLAINT

3

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

prior express consent of the called party.

3. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

4. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

5. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the "*capacity to dial numbers without human intervention.*" *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

6. Within four (4) years of Plaintiff filing this First Amended Complaint, Defendant communicated with Plaintiff to collect a past due balance owed to it for services it has allegedly provided to Plaintiff ("Account").

7. Within four (4) years of Plaintiff filing this First Amended Complaint, Defendant began

PLAINTIFF'S FIRST AMENDED COMPLAINT

4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

to utilize Plaintiff's cellular telephone number, ending in 7222, to place virtually daily incessant calls to Plaintiff pertaining to the Account.

8. Within four (4) years of Plaintiff filing this First Amended Complaint, Defendant has called Plaintiff on his cellular telephone with pre-recorded messages, and has sent Plaintiff text messages.

9. Defendant is erroneously attempting to collect a past due balance owed to it for services it has allegedly provided to Plaintiff.

10. Plaintiff neither does presently nor has ever subscribed to Defendant's services.

11. Defendant calls Plaintiff's cellular telephone from 877-488-8683.

12. 877-488-8683 is one of Defendant's telephone numbers.

13. Defendant sends text messages to Plaintiff's cellular telephone from 78644.

14. 78644 is a short code belonging to Defendant.

15. Defendant has placed automated telephone calls with a prerecorded debt-collection messages to Plaintiff's cellular telephone approximately twice per week since approximately July 2014.

16. Defendant has sent automated debt-collection text messages to Plaintiff at least once per month since approximately July 2014.

17. On or about November 7, 2014, one of Plaintiff's attorneys sent a cease-and-desist letter to Defendant, revoking any prior express consent to call or send text messages to Plaintiff's cellular telephone and terminating any prior business relationship with the Plaintiff that the Defendant might have once had.  Attached hereto as part of **Exhibit A**.

18. Despite receiving the aforementioned letter, Defendant continued to place automated telephone calls with a prerecorded debt-collection message and send automated debt-

PLAINTIFF'S FIRST AMENDED COMPLAINT

5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

collection text messages to Plaintiff's cellular telephone.

19. On or about January 12, 2015, one of Plaintiff's attorneys sent a second cease-and-desist letter to Defendant, again revoking any prior express consent to call or send text messages to Plaintiff's cellular telephone and terminating any prior business relationship with the Plaintiff that the Defendant might have once had.  Attached hereto as part of **Exhibit B**.

20. Despite receiving the aforementioned letter, Defendant continued placing automated telephone calls with a prerecorded debt-collection message and sending automated debt-collection text messages to Plaintiff's cellular telephone.

21. On or about February 10, 2015, one of Plaintiff's attorneys sent a third cease-and-desist letter to Defendant, again revoking any prior express consent to call or send text messages to Plaintiff's cellular telephone and terminating any prior business relationship with the Plaintiff that the Defendant might have once had.  Attached hereto as part of **Exhibit C**.

22. As with the previous two letters, despite receiving the third aforementioned letter, Defendant continued unabated placing automated telephone calls with a prerecorded debt-collection message and sending automated debt-collection text messages to Plaintiff's cellular telephone.

23. On or about February 18, 2015, one of Plaintiff's attorneys sent a fourth cease-and-desist letter to Defendant, again revoking any prior express consent to call or send text messages to Plaintiff's cellular telephone and terminating any prior business relationship with the Plaintiff that the Defendant might have once had.  Attached hereto as part of **Exhibit D**.

24. On February 19, 2015, Defendant replied to one of Plaintiff's cease and desist letters and indicated that it could not locate the Plaintiff's account.  This response confirms Plaintiff's assertion that he does not have and has never had an account with the Defendant—thus,

PLAINTIFF'S FIRST AMENDED COMPLAINT

6

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

Defendant should not be placing automated calls to or sending automated text messages to Plaintiff's cellular telephone.

25. Unsurprisingly, as with the previous three letters, despite receiving the fourth aforementioned letter, Defendant continues unabated placing automated telephone calls with a prerecorded debt-collection message and sending automated debt-collection text messages to Plaintiff's cellular telephone.

26. Specifically, Defendant sent Plaintiff debt-collection text messages to Plaintiff's cellular telephone on the following dates:

   a. March 4, 2015
   b. April 7, 2015
   c. May 14, 2015

27. Defendant uses an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated debt-collection calls and send debt-collection text messages to Plaintiff seeking to collect a debt the Plaintiff does not owe.

28. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

30. Plaintiff is not a customer of Defendant's services, and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

31. Defendant made numerous telephone calls, and sent numerous text messages to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiffs

PLAINTIFF'S FIRST AMENDED COMPLAINT

7

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

with an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

32. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

33. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

34. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

35. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

37. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

38. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

39. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff orally requested Defendant stop calling him, and when Plaintiff's attorney's office sent multiple cease and desist letters to Defendant.

PLAINTIFF'S FIRST AMENDED COMPLAINT

8

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

40. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

28. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

29. These phone calls were made without the prior express consent of Plaintiff.

30. Defendant's conduct therefore violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, DANIEL HUG, respectfully requests judgment be entered against Defendant, DIRECTV, INC., for the following:

31. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

32. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

PLAINTIFF'S FIRST AMENDED COMPLAINT

9

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

1  33. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

2  34. Any other relief that this Honorable Court deems appropriate.

3  DATED:  September 15, 2015         RESPECTFULLY SUBMITTED,

4                                     By:  /s/Sharon D. Cousineau
5                                          Sharon D. Cousineau
                                           Samwel Cousineau, PC
6                                          700 West Evergreen Blvd.
                                           Vancouver, WA 98660
7                                          Tel. 360-750-3789
                                           Fax 360-750-3788
8                                          sdcousineau@gmail.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S FIRST AMENDED COMPLAINT                          Sharon D. Cousineau
                                  10                         Samwel Cousineau, PC
                                                         700 West Evergreen Boulevard
                                                          Vancouver, Washington 98660
                                                   Tel. 360-750-3789 / Fax 360-750-3788

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

PLAINTIFF'S FIRST AMENDED COMPLAINT                         Sharon D. Cousineau
                                    11                      Samwel Cousineau, PC
                                                       700 West Evergreen Boulevard
                                                       Vancouver, Washington 98660
                                                    Tel. 360-750-3789 / Fax 360-750-3788



4619 N. Ravenswood Avenue
Suite 303A
Chicago, IL 60640

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
samantha@agrusslawfirm.com

November 7, 2014

DirecTV, LLC
2230 E. Imperial Hwy
El Segundo, CA, 90245

Re:   Daniel Hug
      Cell Phone: XXXXXX-7222

To Whom It May Concern:

Please stop all further communications with Daniel Hug on **all of his accounts**. Additionally, this letter revokes all prior business relationships as defined by the Telephone Consumer Protection Act ("TCPA") by and between any of the original parties involved in the underlying account at issue, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for calling the telephone numbers listed above is now expressly revoked. Therefore, any future phone calls to the telephone numbers above using an automated telephone dialing system and/or an artificial or prerecorded voice would result in violating the TCPA.

Sincerely,

*Samantha Jesulaitis*
Samantha Jesulaitis

Download our app here:
Or search for "Agruss Law Firm"






1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT B

PLAINTIFF'S FIRST AMENDED COMPLAINT

1

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788



4619 N. Ravenswood Avenue
Suite 303A
Chicago, IL 60640

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
samantha@agrusslawfirm.com

January 12, 2015

DirecTV, LLC
2230 E. Imperial Hwy
El Segundo, CA, 90245

Re:   Daniel Hug
      Cell Phone: XXXXX-7222

To Whom It May Concern:

This is my second cease and desist letter. Please stop all further communications with Daniel Hug on **all of his accounts**. Additionally, this letter revokes all prior business relationships as defined by the Telephone Consumer Protection Act ("TCPA") by and between any of the original parties involved in the underlying account at issue, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for calling the telephone numbers listed above is now expressly revoked. Therefore, any future phone calls to the telephone numbers above using an automated telephone dialing system and/or an artificial or prerecorded voice would result in violating the TCPA.

Sincerely,

*Samantha Jesulaitis*

Samantha Jesulaitis

Download our app here:
Or search for "Agruss Law Firm"






1
2
3
4
5
6
7
8
9
10
# EXHIBIT C
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S FIRST AMENDED COMPLAINT                                              Sharon D. Cousineau
                                    1                                            Samwel Cousineau, PC
                                                                         700 West Evergreen Boulevard
                                                                          Vancouver, Washington 98660
                                                                    Tel. 360-750-3789 / Fax 360-750-3788



4619 N. Ravenswood Avenue
Suite 303A
Chicago, IL 60640

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
samantha@agrusslawfirm.com

February 10, 2015

DirecTV, LLC
2230 E. Imperial Hwy
El Segundo, CA, 90245

Re:   Daniel Hug
      Cell Phone: XXXXXX-7222

To Whom It May Concern:

This is my third cease and desist letter. Please stop all further communications with Daniel Hug on **all of his accounts**. Additionally, this letter revokes all prior business relationships as defined by the Telephone Consumer Protection Act ("TCPA") by and between any of the original parties involved in the underlying account at issue, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for calling the telephone numbers listed above is now expressly revoked. Therefore, any future phone calls to the telephone numbers above using an automated telephone dialing system and/or an artificial or prerecorded voice would result in violating the TCPA.

Sincerely,

Samantha Jesulaitis

Download our app here:
Or search for "Agruss Law Firm"






# EXHIBIT D

PLAINTIFF'S FIRST AMENDED COMPLAINT 2 Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788



4619 N. Ravenswood Ave.
Suite 303A
Chicago, IL 60640

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
samantha@agrusslawfirm.com

February 18, 2015

DirecTV, LLC
2230 E. Imperial Hwy
El Segundo, CA, 90245

Re:   Daniel Hug
      Cell Phone: XXX-XXX-7222

To Whom It May Concern:

I contacted DirecTV in order to cease all communication connected with Daniel Hug's phone number, listed above, and I was informed that Mr. Hug does not have an account with DirecTV. Mr. Hug has never had an account with DirecTV. That is why DirecTV has failed to find Mr. Hug's account. Despite this fact, DirecTV has been incessantly calling and texting Daniel Hug in an attempt to collect on an alleged debt he does not, and never has, owed. DirecTV has been placing calls and sending text messages to Daniel Hug on his cellular telephone number at 253-330-7222. DirecTV has been calling from 877-488-8683. It is my assumption Mr. Hug's cell phone number is associated with someone else's account. Please stop all further communications with Daniel Hug. This letter revokes all business relationships and any consent previously established.

Sincerely,

*Samantha Jesulaitis*

Samantha Jesulaitis

Download our app here:
Or search for "Agruss Law Firm"




